1    WO

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                            FOR THE DISTRICT OF ARIZONA

9

10   PAIGE A. NORBY, dba TUCSON          )
     RANGE RIDERS, et al.,               )
11                                       )
                  Plaintiffs,            )          No. CIV 07-232-TUC-CKJ
12                                       )
     vs.                                 )          **ORDER**
13                                       )
     CITY OF TOMBSTONE, et al.,          )
14                                       )
                  Defendants.            )
15   _____)

16           Pending before the Court is Defendants' Motion for Partial Summary Judgment/ Motion

17   to Dismiss State Law Claims/Selected Federal Claims [Doc. # 35].  Oral argument was presented

18   to the Court on October 20, 2008.

19

20   *Procedural Background[1]*

21           On March 21, 2008, Plaintiffs Paige A. Norby ("Norby") and David L. Weik ("Weik")

22   filed an Amended Complaint against Defendants City of Tombstone, Interim Marshall Merlin

23   Jay Smith ("Smith"), Councilwoman Stacey Korbeck-Reeder ("Korbeck-Reeder") and

24

25

26   _____

27           [1]Unless otherwise stated, the facts are taken from Defendants' Statement of Facts.
     The Court notes that Plaintiffs' Statement of Facts does not dispute any of Defendants'
28   Statement of Facts.

1   Stephen Schmidt ("Schmidt").[2]  Plaintiffs alleged claims of defamation, harassment, false

2   light invasion of privacy, malicious prosecution, abuse of process, assault, respondeat

3   superior, conspiracy, First Amendment retaliation, violation of the Fourth Amendment,

4   violation of Fifth Amendment – regulatory taking, violation of the Fourteenth Amendment

5   – Due Process, and violation of the Fourteenth Amendment – Equal Protection.  The assault

6   claim was alleged against Smith, while the remaining claims were alleged against each of the

7   Defendants.[3]

8           Plaintiffs assert that, on June 7, 2006, Patrick Green, attorney for Weik, wrote a letter

9   to the Tombstone City Council ("the Council") concerning a May 24, 2006, incident between

10  Smith and Weik.  Plaintiffs further assert that, on December 1, 2006, Weik and Norby wrote

11  an introduction letter to the Council appointing their attorney, James Chapman ("Chapman").

12          On November 15, 2006, Weik submitted a Notice of Claim to the Tombstone City

13  Clerk's office.  The notice stated Weik's intention to sue the City of Tombstone and all other

14  persons and political entities involved for personal injuries suffered by Weik.  The notice

15  referenced an assault, defamation, and intentional infliction of emotional distress by Smith,

16  symptoms suffered by Weik, and that the failure of government entities to take any action to

17  protect him deprived him of his civil rights..  The notice also stated that Weik believed he

18  had been injured in a minimum amount of $3,500,000.  During argument, counsel for

19  Plaintiffs submitted a November 15, 2006, Notice of Claim that indicates that it was received

20  on November 20, 2006.  This Notice of Claim duplicated the original November 15, 2006,

21  Notice of Claim with the addition of Norby as a claimant.  Counsel for Defendants did not

22  object to its submission.  The Clerk of the Court will be directed to file this document as a

23  supplemental exhibit to Plaintiffs' Supplemental Statement of Facts [Doc. # 45].

24

25

26          [2]Claims were also made against Dustin Escapule, Sr.  Those claims were dismissed
    on May 21, 2008.

27          [3]The Court's January 24, 2008, Order dismissed Plaintiff's claim of assault for failing
28  to provide a Notice of Claim to Smith.

- 2 -

1    On February 1, 2007, a second Notice of Claim was submitted to the Tombstone City
2  Clerk's office. The notice was signed by Weik and Norby, as partners in Tombstone Range
3  Riders, and referenced the wrongful denial of a business permit. The notice also referred to
4  defamation, intentional filing of false reports, intentional infliction of emotional distress, and
5  all other legal claims arising from Smith's maliciously false statements to animal control
6  agencies. The notice discussed the physical, mental, and financial suffering of Weik and
7  Norby and stated the believed they had been injury to the extent of not less the $500,000 for
8  the violation of their civil rights and the intentionally malicious acts of Smith.

9    Plaintiffs also assert that, on February 8, 2007, Chapman wrote a demand letter to
10  Randy Bays ("Bays"), attorney for the City of Tombstone, requesting settlement for the
11  specific amount of $75,000. Plaintiffs assert that Bays responded to the letter by denying the
12  claims and asserting that Weik had no legitimate claim against the City of Tombstone.

13    On May 29, 2008, Defendants filed a Motion for Partial Summary Judgment/ Motion
14  to Dismiss State Law Claims/Selected Federal Claims [Doc. # 35]. Plaintiffs have filed a
15  response and Defendants have filed a reply.

16

17  *Summary Judgment Standard*

18    A party moving for summary judgment has the initial burden to demonstrate, "with
19  or without supporting affidavits[,]" the absence of a genuine issue of material fact and that
20  judgment as a matter of law should be granted in the moving party's favor. *Celotex Corp. v.*
21  *Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986), quoting Fed.R.Civ.P. 56. A
22  material fact is genuine "if the evidence is such that a reasonable jury could return a verdict
23  for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct.
24  2505, 2510 (1986). The facts material in a specific case are to be determined by the
25  substantive law controlling a given case or issue. *Id.*

26    Once the moving party has met the initial burden, the opposing party must "go beyond
27  the pleadings" and "set forth specific facts showing that there is a genuine [material] issue
28

- 3 -

1   for trial." *Id.,* internal quotes omitted.  In opposing summary judgment, plaintiff is not
2   entitled to rely on the allegations of her complaint, Fed.R.Civ.P. 56(e), or upon conclusory
3   allegations in affidavits. *Cusson-Cobb v. O'Lessker*, 953 F.2d 1079, 1081 (7th Cir. 1992).
4   Further, "a party cannot manufacture a genuine issue of material fact merely by making
5   assertions in its legal memoranda." *S.A. Empresa de Viacao Aerea Rio Grandense (Varig*
6   *Airlines) v. Walter Kiddle & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).  Because Plaintiffs
7   will bear the burden of proof at trial as to some of the elements essential to their case,
8   Plaintiffs can withstand Defendants' Motion for Summary Judgment only by making a
9   showing sufficient to establish a genuine issue of fact regarding those elements and showing
10  that the dispute properly may be resolved only by the fact-finder because it could reasonably
11  be resolved in favor of either party.    *Celotex*, 477 U.S. at 321, 106 S.Ct. at 2551-52.
12  Plaintiffs must present specific facts in support of their contentions and must support these
13  facts by proper evidentiary material, which show that a fact-finder could reasonably find in
14  Plaintiffs' favor; Plaintiffs cannot merely rest on their pleadings. Fed.R.Civ.P. 56(e). *See*
15  *also T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
16  Cir.1987) (citations omitted); L.R.Civ. 56.1(b) (party opposing motion must provide a
17  statement "for each paragraph of the moving party's separate statement of facts, a
18  correspondingly numbered paragraph indicating whether the party disputes the statement of
19  fact set forth in that paragraph and a reference to the specific admissible portion of the record
20  supporting the party's position if the fact is disputed").

21        The Court is not to make credibility determinations with respect to the evidence
22  offered and is required to draw all inferences in a light most favorable to the non-moving
23  party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th
24  Cir. 1987), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587
25  (1986).    Summary judgment is not appropriate "where contradictory inferences may
26  reasonably be drawn from undisputed evidentiary facts[.]"   *Hollingsworth Solderless*
27  *Terminal Co. v. Turley*, 622 F.2d 1324 (9th Cir. 1980).

28

- 4 -

1   *Notice of Claim – Individual Defendants*

2          "Section 12-821.01(A) requires a person who has a claim against a [public entity or
3   a public employee] to file the claim with [the person authorized to accept service or the
4   individual public employee] within 180 days 'after the cause of action accrues. Any claim
5   not filed within that time 'is barred and no action may be maintained thereon.'" *Barth v.*
6   *Cochise County, Arizona*, 213 Ariz. 59, 62, 138 P.3d 1186, 1189 (App. 2006), *citation*
7   *omitted.* This "requires that those persons asserting claims against pubic entities or public
8   employees do so by *actually delivering* or ensuring that the actual delivery of the notice of
9   claim to the appropriate person within the statutory period." *Lee v. State*, 215 Ariz. 540, 544,
10  161 P.3d 583, 587 (App. 2007). This requirement "constitutes a 'procedural rather than a
11  jurisdictional requirement[.]" *McGrath v. Scott*, 250 F.Supp.2d 1218 (D.Ariz. 2003).

12         Plaintiffs did not serve a Notice of Claim on any individual public employees. *See*
13  *Johnson v. Superior Court*, 158 Ariz. 507, 763 P.2d 1382 (App. 1988) (individual pubic
14  employees are entitled to notice of claim; failure to provide individual notice may provide
15  right of indemnity against attorney). A Notice of Claim as required by A.R.S. § 12-821.01.A.
16  having not been timely served on individual Defendants, the state law claims against the
17  individual Defendants acting in their official capacities are barred.

18         Plaintiffs also assert that a Notice of Claim did not need to be filed upon individual
19  Defendants for claims against them in their individual capacities to proceed. Plaintiffs rely
20  on *Crum v. Superior Court in and for the County of Maricopa*, 186 Ariz. 351, 922 P.2d 316
21  (App. 1996). This case does not present a situation similar to *Crum*. In *Crum*, the plaintiff
22  specifically did "not allege that the Defendant was acting within the course and scope of his
23  employment[.]" 186 Ariz. at 352, 922 P.2d at 317. Indeed, the plaintiff in *Crum* did not seek
24  relief from the defendant's government employer. *Id.*

25         Here, Plaintiffs have specifically alleged that individual Defendants were acting in
26  their official capacities, have alleged facts to support that claim, have not alleged facts to
27  support a claim that individual Defendants were acting in their individual capacities, and are

28

1   seeking relief from the City of Tombstone. During argument, counsel for Plaintiffs asserted
2   that Smith was acting outside the scope of his authority. The allegations set forth in the
3   Amended Complaint and the factual support offered by Plaintiffs, however, simply do not
4   support this assertion. Rather, Plaintiffs have not pointed to any allegations or factual
5   support that Smith was off-duty or in civilian attire. Although counsel argued that discovery
6   should be permitted on this issue, there is nothing beyond speculation to support Plaintiffs'
7   claims that Smith was acting outside the scope of his employment. Further, Plaintiffs have
8   provided no allegations or factual support that other individual Defendants were acting in
9   their individual capacities. Summary judgment in favor of individual Defendants on the state
10  law claims is appropriate.

11

12  *Notice of Claim – Settlement Amount and Factual Basis for State Law Claims*

13          The Notice must also "contain a specific amount for which the claim can be settled
14  and the facts supporting that amount." A.R.S. § 12-821.01.A. Presenting "'facts supporting
15  that amount' requires that claimants explain the amounts identified in the claim by providing
16  the government entity with a factual foundation to permit the entity to evaluate the amount
17  claim." *Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, 152 P.3d
18  490, 493 (2007). This "requirement ensures that claimants will not demand unfounded
19  amounts that constitute 'quick unrealistic exaggerated demands." *Id.*, *quoting Hollingsworth
20  v. City of Phoenix*, 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App. 1990).

21          Plaintiffs' November 15, 2006, and February 1, 2007, Notices of Claim and the Notice
22  of Claim received on November 20, 2008, include references to the incidences. However,
23  there is no indication as to how Plaintiffs reached the amounts claimed, as opposed to any
24  other conceivable settlement value. Moreover, the Notices include qualifying language (i.e.,
25  no less than) that the Supreme Court of Arizona found insufficient. *See Deer Valley*, 214
26  Ariz. at 297. The amounts stated by Plaintiffs fail to fulfill the statute's purposes of
27  "permit[ting] the possibility of settlement prior to litigation" and "assist[ing Defendants] in

28

1   financial planning and budgeting." *Martineau v. Maricopa County*, 207 Ariz. 332, 335-36,
2   86 P.3 912, 915-16 (2004). Moreover, Plaintiffs acknowledge that the notices are deficient,
3   but asserts that the course of dealings that followed, in effect, amended the Notices of Claim.
4   Indeed, Plaintiffs assert that the response from Bays indicates that the City of Tombstone
5   rejected Plaintiffs' settlement demand, asserted that Plaintiffs did not have a legitimate claim
6   against the City of Tombstone, but also indicated that the rest of the claims would be
7   addressed at a later date by the insurance carrier.

8        "[T]he role of a federal court . . . is to follow the precedents of the state's highest court
9   and predict how that court would decide the issue presented. It is not the role of a federal court
10  to expand or narrow state law in ways not foreshadowed by state precedent." *Camden County*
11  *Bd. of Chosen Freeholders v. Beretta, U.S.A. Corp.*, 273 F.3d 536, 541 (3rd Cir. 2001); *S.D.*
12  *Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001) ("When
13  interpreting state law, we are bound by decisions of the state's highest court. [Citation omitted.]
14  If there is no such decision available, then we 'must predict how the highest state court would
15  decide the issue using intermediate appellate court decisions, decisions from other jurisdictions,
16  statutes, treatises, and restatements as guidance.' [Citation omitted.]").

17       In *Jones v. Cochise County*, 218 Ariz. 372, 187 P.3d 97 (App. 2008), the court found
18  that the county waived any purported deficiency in the notice of claim by failing to raise the
19  issue until after nearly a year of active litigation. In this case, the City of Tombstone
20  responded to Plaintiffs' Notices of Claim. The first Notice was submitted in November
21  2006, the original complaint was filed on May 21, 2007, and the original Motion to Dismiss
22  (filed on June 27, 2007) did not raise this issue. However, this defense was raised in
23  Defendants' Answer to the Amended Complaint. In other words, this issue was raised prior to
24  conducting any discovery. Moreover, this issue was raised in the pending motion approximately
25  one week after the Court issued a Scheduling Order in this case. In *Jones*, however, the
26  defendant had participated in more than six months of disclosure and discovery before it sought
27  to raise the issue of the failure to comply with the notice of claim statute. The case at bar simply
28

1    does not have the history of active litigation prior to raising the issue that the court relied on in

2    *Jones*. The City of Tombstone's conduct prior to the filing of the lawsuit, i.e., their response to

3    the Notices, simply does not constitute the type of conduct that the state Court of Appeals found

4    to be a waiver.

5       In *Yollin v. City of Glendale*, 219 Ariz. 24, 28, 191 P.3d 1040, 1044 (App. 2008), the

6    court found that the language accompanying the amount indicated that the claimant intended to

7    be bound by the amount: the claimant stated that he would release defendants from liability for

8    $150,000.00 and the claimant stated that he meant the terms of the letter to be a settlement offer

9    to comply the notice of claims statute. Plaintiffs' Notices do not include such language. Rather,

10    as previously stated, Plaintiffs' Notices include qualifying language (i.e., no less than) that

11    the Supreme Court of Arizona found insufficient. *See Deer Valley*, 214 Ariz. at 297. Indeed,

12    the February 1, 2007, Notice also includes language that Plaintiffs believe additional

13    damages may be appropriate. The amounts stated by Plaintiffs fail to sufficiently state a

14    specific amount.   Summary judgment on the state law claims in favor of Defendants is

15    appropriate.

16

17    *Judgment on the Pleadings*

18       Plaintiffs asserts that Defendants' request for dismissal for failure to state a claim is

19    untimely.  Indeed, a "Rule 12(b)(6) motion must be made *before* the responsive pleading."

20    *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006), *citing Elvig v. Calvin*

21    *Presbyterian Chruch*, 375 F.3d 951, 954 (9th Cir. 2004) and Fed.R.Civ.P. 12(b)(6).

22    Nonetheless, "failure to state a claim is a nonwaivable defect and can be raised at any time[.]"

23    Schwarzer, *Federal Civil Procedure Before Trial*, § 9:199 (The Rutter Group 2007), *citing*

24    Fed.R.Civ.P. 12(h)(2). The Ninth Circuit has found that a Rule 12(b)(6) motion filed after the

25    close of pleadings is to be treated as a motion for judgment on the pleadings. *MacDonald*. The

26    Court finds it appropriate, therefore, to treat the motion as a Motion for Judgment on the

27    Pleadings.

28

1     The standard for a Fed.R.Civ.P. 12(c) motion is essentially the same as that applied on

2   a Fed.R.Civ.P. 12(b)(6) motion. Schwarzer at § 9:335. Judgment on the pleadings is appropriate

3   when, even if all material facts in the pleading under attack are true, the moving party is entitled

4   to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d

5   1542, 1550 (9th Cir. 1989).

6     Defendants assert the Court should dismiss Plaintiffs' First and Fourth Amendment

7   claims as to all Defendants other than Defendant Smith, should dismiss Plaintiffs' Fifth

8   Amendment takings claim, and should dismiss Plaintiffs' Fourteenth Amendment claims as to

9   Defendant Smith for the reasons set forth in the Court's January 29, 2008, Order. Defendants

10   assert that Plaintiffs have failed to plead sufficient additional facts in their Amended Complaint

11   to state claims upon which relief can be granted. Plaintiffs assert, however, that sufficient

12   additional facts have been alleged such that claims on which relief can be granted have been

13   stated.

14     The Court's January 29, 2008, Order sets forth the requirements for stating the foregoing

15   claims. The Court incorporates that discussion and will not repeat at length the requirements set

16   forth in that Order.

17

18   *Count I – First Amendment*

19     In a non-employment context, to state a claim for First Amendment retaliation, Plaintiffs

20   must allege that they were engaged in constitutionally protected activity, Defendants' conduct

21   caused him to suffer an injury that would chill a person of ordinary firmness from continuing to

22   engage in that activity, and that Defendants' conduct was substantially motivated against

23   Plaintiffs' exercise of constitutionally protected conduct. *See e.g. Worrell v. Henry*, 219 F.3d

24   1197, 1212-13 (10th Cir. 2000). The Complaint alleges that Plaintiffs were seeking to petition

25   the government for redress of grievances by complaining of Defendant Smith's conduct and

26   seeking permits and licenses. Although the First Amendment "does not guarantee a favorable

27   response, or indeed any response, from [government] officials," *Baltoski v. Pretorius*, 291

28

- 9 -

1    F.Supp.2d 807, 811 (N.D.Ind. 2003), the right to redress is constitutionally protected activity.

2    Defendants do not assert the Court's determination that Plaintiffs have stated a First Amendment

3    retaliation claim against Defendant Smith is in error.  However, Defendants assert that Plaintiffs

4    have again failed to state a claim against any other Defendant.

5          Indeed, Plaintiffs have failed to allege any affirmative link between any conduct of any

6    other Defendant related to a First Amendment retaliation claim. *See Rizzo v. Goode*, 423 U.S.

7    362, 371-72, 377 (1976).  The denial of the requested permits and licenses is insufficient to state

8    a claim. *See Minnesota Brd. for Community Colleges v. Knight*, 465 U.S. 271, 285, 104 S.Ct.

9    1058, 1067, 79 L.Ed.2d 299 (1984) (noting that "[n]othing in the First Amendment or in this

10   Court's case law interpreting it suggests that the rights to speak, associate and petition require

11   government policymakers to listen or respond to individuals' communications on public issues").

12   The Court finds Norby and Weik have failed to state a First Amendment retaliation claim against

13   any Defendant other than Smith.

14         In determining whether a group is protected by the First Amendments' expressive

15   associational right, the Court must determine if the group engages in "expressive association"

16   otherwise protected by the First Amendment. *Boy Scouts of America v. Dale*, 530 U.S. 640, 648,

17   120 S.Ct. 2446, 147 L.Ed.2d 554 (2000).  Plaintiffs alleged that Weik intended to run for the

18   City Council and associated with then-mayor Andre DeJournett and Bill Barlow who were

19   campaigning for office.  Plaintiffs further allege that Defendants Korbeck-Reeder and Schmidt

20   (along with Tom Wright) were political opponents of Weik and his associates.  The right to

21   associate for the advancement of common political goals is protected by the First Amendment

22   and Fourteenth Amendments. *Timmon v. Twin Cities Area New Party*, 520 U.S. 351, 357, 117

23   S.Ct. 1364, 137 L.Ed.2d 589 (1997).  Further, Plaintiffs allege that the governmental action

24   significantly affected the group's ability to advocate public or private viewpoints and that the

25   burden on the associational expression was not justified in light of the governmental interest.

26   *Dale*, 530 U.S. at 653, 656.  Plaintiffs allege that the actions of the Council resulted in Plaintiffs

27   no longer being able to operate their riding business.  The lack of proceeds from the business

28

1   affected Weik's political activities and associations.  The Court finds Plaintiffs have stated a
2   claim for a First Amendment expressive association right against Defendants Korbeck-Reeder
3   and Schmidt.

4

5   *Count II – Fourth Amendment*

6          The Fourth Amendment protects the "right of the people to be secure in their persons,
7   houses, papers, and effects, against unreasonable searches and seizures."   United States
8   Constitution, 4th Amend.  To state a claim under the Fourth Amendment, Plaintiffs must allege
9   that Defendants conducted an unreasonable search or seizure. *Samson v. California*, — U.S. —,
10  126 S.Ct. 2192, 2197, 165 L.Ed.2d 250 (2006).  Under the Fourth Amendment, courts examine
11  the totality of circumstances to determine whether a search is reasonable.  *Id.*  Furthermore,
12  reasonableness is determined by weighing the intrusion of the individual's privacy right against
13  the promotion of a legitimate governmental interest. *Id.*

14         The Court previously found that Plaintiffs had failed to state a Fourth Amendment claim
15  against any Defendant other than Smith.  Plaintiffs seek to state a claim against other Defendants
16  by alleging that Defendants conspired to commit an unlawful search of Plaintiffs' property.  In
17  support of this, Plaintiffs allege Smith stated Plaintiffs' permits would be pulled if Weik did not
18  comply with his demands to show him specific property.  While this may be relevant to a
19  conspiracy claim, *see* discussion *infra*, these allegations do not support finding that a Fourth
20  Amendment claim has been stated against any Defendant other than Smith.

21

22  *Count III – Fifth Amendment*

23         "In order for an 'as applied' regulatory taking claim to be ripe, a plaintiff must establish
24  two components:  (1) that the regulation has gone so far that it has 'taken' plaintiff's property;
25  and (2) that any compensation tendered for such taking is not 'just.'" *Lake Nacimiento Ranch*
26  *Co. v. San Luis Obispo County*, 830 F.2d 977, (9th Cir. 1987), *citing MacDonald, Sommer &*
27  *Frates v. Yolo County*, 477 U.S. 340, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986).  The

28

1   ripeness requirement can be avoided if an application would be futile. *American Savings and*
2   *Loan Ass'n v. County v. Marin*, 653 F.2d 364, 371 (9th Cir. 1981). In determining whether
3   someone has a protected property interest in a permit or license, the key inquiry is whether the
4   agency has the discretion to grant or deny the application. *See Erdelyi v. O'Brien*, 680 F.2d 61,
5   63 (9th Cir. 1982), *citation omitted* ("Whether the statute creates a property interest in concealed
6   weapons licenses depends 'largely upon the extent to which the statute contains mandatory
7   language that restricts the discretion of the (issuing authority) to deny licenses to applicants who
8   claim to meet the minimum eligibility requirements.'").

9        Plaintiffs allege the Council refused to renew Plaintiffs' permit despite the city attorney
10  advising the Council they needed a good faith basis to deny renewal of the permit. Plaintiffs
11  further allege that the Council did not have the discretion to deny the renewal of Plaintiffs'
12  permit. The Court finds Plaintiffs have stated a Fifth Amendment takings claim against
13  Defendants Korbeck-Reeder and Schmidt.

14

15  *Count IV – Fourteenth Amendment*

16        The Court previously found that Plaintiffs had alleged a Fourteenth Amendment Due
17  Process claim and a Fourteenth Amendment Equal Protection claim against Defendants City of
18  Tombstone, Korbeck-Reeder, and Schmidt. Plaintiffs have not presented any additional facts
19  to find that Plaintiffs have stated a claim against Defendant Smith.

20

21  *Count V – Conspiracy*

22        The Court previously determined that Plaintiffs had failed to state a 42 U.S.C. § 1985(3)
23  conspiracy claim. Plaintiffs have alleged in their Amended Complaint that they were in a
24  "protected class of one" as they were intentionally treated differently without a rational basis
25  than other similarly situated horse-themed businesses in Tombstone. However, as the Court
26  stated in its January 29, 2008, Order, the Supreme Court "not only precluded economic or
27  commercial classifications, but suggested that most political classifications are not covered [by

28

1    § 1985(3)] either." 2 State and Local Government Civil Rights Liability § 2:3; *see also Sever*,
2    978 F.2d 1529, 1536-38 (9th Cir. 1992) ("individuals who wish to petition the government" are
3    not protected class); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29
4    L.Ed.2d 338 (1971). The Court finds that Plaintiffs have not sufficiently alleged a racial or other
5    class-based invidious discriminatory animus for the conspiracy to state a claim. The Court finds
6    Plaintiffs have failed to state a § 1985(3) conspiracy claim on which relief can be granted.

7         Plaintiffs' original Complaint specifically sought to state a conspiracy claim pursuant to
8    42 U.S.C. § 1985. Plaintiff's Amended Complaint does not specify the basis for their conspiracy
9    claim. The Court, therefore, will consider whether Plaintiffs have stated a claim pursuant to 42
10   U.S.C. § 1983. To state a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must allege "'an
11   agreement' or 'meeting of the minds' to violate constitutional rights. The defendants must have,
12   'by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of
13   harming another which results in damage." *Mendocino Environmental Center v. Mendocino*
14   *County*, 192 F.3d 1283, 1301 (9th Cir. 1999), *citations omitted.* Furthermore, a plaintiff must
15   allege that there was an actual deprivation of his constitutional rights as a result of the
16   conspiracy. *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), *citing Woodrum v. Woodward*
17   *County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989).

18        A plaintiff "must state specific facts to support the existence of the claimed conspiracy."
19   *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Olsen v. Idaho Board of Medicine*,
20   363 F.3d 916, 919 (9th Cir. 2004) (specific facts must be alleged). To meet this standard, a
21   plaintiff must allege "which defendants conspired, how they conspired and how the conspiracy
22   led to a deprivation of his constitutional rights . . ." *Harris v. Roderick*, 126 F.3d 1189, 1196
23   (9th Cir. 1997). As to Plaintiffs' allegation that Defendants conspired to unlawfully file criminal
24   charges against Weik, this involves a conspiracy to commit a state law tort. The Court finds
25   Plaintiffs have failed to state a claim as to this allegation.

26        However, Plaintiffs also assert that Defendants conspired to inflict injury on Plaintiffs by
27   retaliating against Plaintiffs and depriving Plaintiffs of their First, Fourth, Fifth and Fourteenth
28

- 13 -

1    Amendment rights.  In support of this allegation, Plaintiffs allege Smith told Weik that failure
2    to comply with his demands would result in Plaintiffs permits being "pulled."  Amended
3    Complaint, p. 4.  Plaintiffs further allege that Smith subsequently recommended to the mayor and
4    council that Plaintiffs be denied continuing operations within the city limits; the council denied
5    Plaintiffs' request for renewal.  Plaintiffs' allegations include sufficient facts to raise a right to
6    relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955,
7    1965-65, 167 L.Ed.2d 929 (2007).  The Court finds Plaintiffs have stated a 42 U.S.C. § 1983
8    conspiracy claim on which relief can be granted against Smith, Korbeck-Reeder, and Schmidt.
9
10   *Liability of City of Tombstone for Federal Violations*

11          "[L]ocal governments can be sued [under § 1983 only where] the action that is alleged
12   to be unconstitutional implements or executes a policy statement, ordinance, regulation, or
13   decision officially adopted and promulgated by that body's officers."  *Monell v. New York*
14   *City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Material
15   facts must be alleged that a policy expressly sanctioned, enacted, or authorized by the
16   municipality has led to an alleged injury.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480,
17   106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Ulrich v. City and County of San Francisco*, 308
18   F.3d 968 (9th Cir. 2002).  "[A]lthough the touchstone of the § 1983 action against a
19   government body is an allegation that official policy" deprives a plaintiff of his constitutional
20   rights, liability may also attach from local governmental custom "even though such custom
21   has not received formal approval" from the government's official policymakers. *Monell*, 436
22   U.S. at 690-691.  Further, liability may be imposed where an official with "final policy-
23   making authority" committed the constitutional tort or where "an official with final policy-
24   making authority ratified a subordinate's unconstitutional decision or action and the basis for
25   it."  *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

26          Plaintiffs have alleged that officials with final policy-making authority committed
27   constitutional torts.  The Court finds Plaintiffs have adequately stated a claim against the City
28

1    of Tombstone for the First Amendment, Fifth Amendment, Fourteenth Amendment, and

2    conspiracy claims for which the Court has found that claims have adequately been stated

3    against individual Defendants.

4

5            Accordingly, IT IS ORDERED:

6            1.      The Clerk of the Court is directed to file the November 15, 2006, Notice of

7    Claim as a supplement to Plaintiffs' Supplemental Statement of Facts [Doc. # 45].

8            2.      Defendants' Motion for Partial Summary Judgment/ Motion to Dismiss State

9    Law Claims/Selected Federal Claims [Doc. # 35] is DENIED in part and GRANTED in part.

10           3.      Summary judgment is granted in favor of all Defendants and against Plaintiffs

11   as to the state law claims.

12           4.      Judgment on the Pleadings is granted in favor of Defendants Korbeck-Reeder

13   and Schmidt and against Plaintiffs as to the First Amendment retaliation claim.

14           5.      Judgment on the Pleadings is granted in favor of Defendant Smith and against

15   Plaintiffs as to the First Amendment association claim.

16           6.      Judgment on the Pleadings is granted in favor of Defendants Korbeck-Reeder

17   and Schmidt and against Plaintiffs as to the Fourth Amendment claim.

18           7.      Judgment on the Pleadings is granted in favor of Defendant Smith and against

19   Plaintiffs as to the Fifth Amendment takings claim.

20           8.      Judgment on the Pleadings is granted in favor of Defendant Smith and against

21   Plaintiffs as to the Fourteenth Amendment due process claim.

22           DATED this 25th day of November, 2008.

23

24

25                                          _____

26                                          Cindy K. Jorgenson
                                            United States District Judge

27

28

                                        - 15 -