**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAIGE A. NORBY, dba TOMBSTONE RANGE RIDERS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF TOMBSTONE, et al., <br><br> Defendants. | No. CIV 07-232-TUC-CKJ <br><br> **ORDER** |

Pending before the Court are the Motions in Limine (Doc. 312), the Motion Requesting the Court Order Plaintiffs to Post a Cost Bond (Doc. 313), Motion to Withdraw Jury Demand and Request Bench Trial (Doc. 314), Defendant's Objections to Plaintiffs' Proposed Joint Pretrial Statement (Doc. 317), Plaintiffs' Joint Motion for Leave to File Supplemental to Plaintiffs Joint Opposition to Defendant's Motion Requesting Cost Bond (Doc. 318), Plaintiffs' Motion for Leave to Exceed Page Limitations Imposed by the Rules for this Court and the Federal Rules of Civil Procedure (Doc. 320), Plaintiffs' Joint Objection to Defendant's Exhibits (Doc. 323), Motion to Strike Improper References to Confidential Settlement Discussions and Documents and Plaintiffs' Response to Motion to Post a Cost Bond (Doc. 325), Plaintiffs' Motion for Order to Show Cause (Doc. 331), and Motion for Leave to File Supplemental to Plaintiff's Motion for Show Cause (Doc. 334).

1 *Plaintiffs' Joint Motion for Leave to File Supplemental to Plaintiffs Joint Opposition to*
2 *Defendant's Motion Requesting Cost Bond, Plaintiffs' Motion for Leave to Exceed Page Limitations Imposed by the Rules for this Court and the Federal Rules of Civil Procedure,*
3 *and Motion to Strike Improper References to Confidential Settlement Discussions and Documents and Plaintiffs' Response to Motion to Post a Cost Bond*

Plaintiffs assert that documents were inadvertently omitted from their opposition to the Motion Requesting Cost Bond filed by Defendant Merlin Jay Smith ("Smith"). The Court will permit Plaintiffs to supplement their response. Additionally, the Court will permit Plaintiffs to exceed the page limitations as to their Response to the Motion Requesting Cost Bond. The Court will direct the Clerk of the Court to file the documents (Docs. 319 and 321).

Additionally, Smith requests that details of confidential settlement discussions be stricken from Plaintiffs' responses. The Court finds it appropriate to grant this request. Further, included within his reply, Smith requests this Court to admonish Plaintiffs to refrain from filing further briefs which "stray" from the specific issues remaining in this case. The Court recognizes, however, the parties disagree regarding issues in this case (e.g., relevance of other conduct). The Court declines to grant this request.

*Motion in Limine #1*

Smith asserts that any evidence not related to the Fourth Amendment incidents should be precluded. Plaintiffs argue, however, that other evidence is relevant to show Smith's state of mind and damages suffered by Plaintiffs. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

It appears that Smith will be seeking to establish that Plaintiff Paige Norby Weik ("Norby Weik") consented to the seizure of the document during the May 19, 2006, incident and that Smith was simply engaging in horseplay during the May 24, 2006, incident.

Evidence regarding tension between Plaintiffs and Smith is relevant to these inquiries. However, the interests of Fed.R.Evid. 403 warrant the limitation of the presentation of such evidence. The Court will discuss the parameters of such evidence with the parties during a pre-trial hearing.

*Motion in Limine #2*

Smith also requests that hearsay statements made by Plaintiff David Weik ('Weik") be precluded. Plaintiffs argue that these statements are direct evidence of the incidents. However, testimony by Plaintiff Weik can provide such evidence. *See* Fed.R.Evid. 801(c). Statements made by Weik to others is not subject to a hearsay exception when offered by Plaintiffs. *See United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam) ("It seems obvious defense counsel wished to place [the defendant's] statement to [the officer] before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids."). The Court will grant the request.

*Motion in Limine #3*

Smith seeks to preclude character evidence. Character evidence is not normally admissible in civil rights cases. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). However, if such evidence is used solely for impeachment, it may be proper. *See e.g., TanTan v. City & County of San Francisco*, C 08-1564 MEJ, 2010 WL 726985, at *2-3 (N.D.Cal.2010) (excluding evidence and argument related to complaints, investigations, or allegations of misconduct against the defendant officers, except if used solely for purposes of impeachment).

Smith uses the example of questioning Smith about how many times he shot someone during his law enforcement career. Plaintiffs' response asserts that it shows why Plaintiff Weik was afraid of Smith, but it does not state when Plaintiff Weik learned of the information. *See generally United States v. Lynch*, 437 F.3d 902 (9th Cir. 2006). Plaintiffs have not asserted that they knew about this conduct at the time of the incidents or that they

- 3 -

1 modified their conduct because of such knowledge.  The Court will grant this request, but
2 may permit its use for impeachment purposes, subject to argument to the Court during trial.

*Motion in Limine #4*

Smith requests that any newspaper articles be precluded based on relevancy grounds. Fed.R.Evid. 402 and 403.  Such items being hearsay, the Court will grant the request.  *Logan v. City of Pullman*, 392 F.Supp.2d 1246, 1253 (E.D. Wash. 2005) (newspaper articles are hearsay and are inadmissible unless they fall within an exception).

Smith also requests that City Council minutes be precluded as irrelevant.  Plaintiffs assert the minutes are relevant to show the basis for the threats made by Smith.  The Court will defer ruling on this issue until the relevance of other conduct as discussed with the Motion in Limine #1 is determined.

*Motion in Limine #5*

Smith asserts that any statement by the Arizona Peace Officer Standards and Training ("POST") Board regarding Smith's use of his badge prior to certification is not admissible because it is not relevant and is hearsay.  Plaintiffs assert such evidence is relevant to show that Smith was not acting under color of law and goes to the credibility and veracity of Smith.  The Court will hear argument on this issue at the pre-trial hearing.

*Motion in Limine # 6*

Smiths assert evidence that Smith would wear a side-arm while picking up the mail from the post office is not relevant.  Plaintiffs argue that it shows a consistent trait - disregarding rule of law.  *See* 39 C.F.R. § 232.1(l) ("Notwithstanding the provisions of any other law, rule or regulation, no person while on postal property may carry firearms, other dangerous or deadly weapons, or explosives, either openly or concealed, or store the same on postal property, except for official purposes.").  Plaintiffs also assert that this evidence goes to the credibility and veracity of Smith.  The Court will hear argument on this issue at

- 4 -

the pre-trial hearing.

*Motion in Limine # 7*

Smith asserts evidence of his reasons for leaving his employment with the City of Tombstone are not relevant. Plaintiffs assert this evidence is relevant as to Smith's credibility and his habitual disregard of the law. The Court will hear argument on this issue at the pre-trial hearing.

*Motion in Limine #8*

Smith asserts that, based on prior rulings of the Court, Plaintiffs should be precluded from presenting evidence of compensatory damages beyond nominal damages. Plaintiffs argue that they have incurred economic losses and damages and assert that they should be permitted to seek compensatory damages. On October 11, 2011, this Court ordered that expert witness testimony that was not properly disclosed and any damages for which a computation and support were not properly disclosed were precluded.[1] *See also* April 6, 2012 Order. The Court will grant the request to preclude evidence of compensatory damages.

*Motion Requesting the Court Order Plaintiffs to Post a Cost Bond*

Smith requests this Court to order Plaintiffs post a cost bond because Plaintiffs have not been paying litigation costs and, if they lose, Plaintiffs may assert they are unable to pay costs. Plaintiffs assert, however, that they have acted in good faith, that the defense has not been honest with the Court, and that the Court should consider their inability to post a bond. As stated by Smith, federal courts may require plaintiffs to post a bond in order to provide security for defendants who might prevail in litigation. *In Re Merrill Lynch Relocation*

---

[1] The Court also advised the parties that the request for punitive and nominal could proceed.

- 5 -

*Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir. 1987) ("Federal courts have inherent authority to require plaintiffs to post security for costs. A District Court typically follows the forum state's practice, particularly when a party is a nonresident."), *citation omitted*.

However, Smith has not supported this motion by providing an affidavit "showing that the plaintiff is not the owner of property within the state out of which the costs could be made by execution sale[.]" Ariz.R.Civ.P. 67(d). Additionally, although the statute provides that such a motion may be made any time before trial, Arizona courts have determined that a motion for security for costs is untimely if made after a trial court has determined any issue of law or fact. *Wright v. Sears, Roebuck & Co.*, 116 Ariz. 391, 569 P.2d 821 (1977); *Hydroculture, Inc. v. Coopers & Lybrand*, 174 Ariz. 277, 848 P.2d 856 (App. 1992). The Court having resolved issues of law and fact, denial of the motion is appropriate.[2]

*Motion to Withdraw Jury Demand and Request Bench Trial*

Plaintiffs have withdrawn their request for a jury trial and now request this matter proceed to a bench trial. Smith, however, asserts that he also requested a jury trial, *see* Answer (Doc. 23), and he does not waive his right to a jury trial. Plaintiffs point out that, in Smith's Pretrial Statement, Smith does state a continuing invocation of his right to a jury trial. However, as Smith has not withdrawn his demand for a jury trial, *see Solis v. County of Los Angeles*, 514 F.3d 946 (9th Cir. 2008), the Court will deny Plaintiffs' request.

*Smith's Objections to Plaintiffs' Proposed Joint Pretrial Statement and Plaintiffs' Joint Objection to Smith's Exhibits*

The Court will defer ruling on the parties' objections until resolution of what evidence of other conduct will be admissible at trial. The Court will hear argument on this issue at the pre-trial hearing.

---

[2]Additionally, if an order to provide security for costs is issued, such order is to be vacated if a plaintiff "makes strict proof of inability to give the security[.]" Ariz.R.Civ.P. 67(e).

- 6 -

*Plaintiffs' Motion for Order to Show Cause; Motion for Sanctions and Motion for Leave to File Supplemental to Plaintiff's Motion for Show Cause*

The Court will grant Plaintiffs' Motion for Leave to File Supplemental and direct the Clerk of the Court to file the document (Doc. 335).

Plaintiffs request Smith be sanctioned for failure to provide complete disclosure. Smith points out that many of the issues referred to by Plaintiffs have been previously addressed by the Court and request that costs be awarded to Smith in having to respond to the motion.

To the extent that Plaintiffs raise disclosure issues previously addressed by the Court, the Court does not find there is any basis to reconsider its previous rulings. Moreover, not only are Plaintiffs repeating some arguments previously addressed by the Court, they appear to be raising new claims as a basis for sanctions. Plaintiffs offer no reason why such a request was not raised earlier. *See* 35B CJS Fed. Civ. Proc. § 1387 ("A motion for sanctions may be required to be filed as soon as practicable after the discovery of the violation which would support the issuance of sanctions."); *see also* Fed.R.Civ.P. 56(d) (delay of consideration of summary judgment to complete discovery issues).

Plaintiffs also request to be reimbursed for costs of providing disclosure to Smith. Smith asserts, and Plaintiffs do not dispute, that Plaintiffs did not provide an invoice for copying costs. Additionally, the parties do not address whether the defense was reimbursed its copying costs for disclosure of documents to Plaintiffs. The Court declines to grant this request.

In his response, Smith requests he be awarded fees incurred in responding to the motion. The Court declines to grant this request.

Accordingly, IT IS ORDERED:

1. Plaintiffs' Joint Motion for Leave to File Supplemental to Plaintiffs Joint Opposition to Defendant's Motion Requesting Cost Bond (Doc. 318) is GRANTED. The Clerk of the Court shall docket the lodged supplemental document (Doc. 319).

- 7 -

2.   Plaintiffs' Motion for Leave to Exceed Page Limitations Imposed by the Rules for this Court and the Federal Rules of Civil Procedure (Doc. 320) is GRANTED. The Clerk of the Court shall docket the lodged Response (Doc. 321).

3.   Defendant's Motion to Strike Improper References to Confidential Settlement Discussions and Documents and Plaintiffs' Response to Motion to Post a Cost Bond (Doc. 325) is GRANTED. Paragraphs 31, 35, and 36 of Docs. 319 and 321 are STRICKEN.

4.   The Motions in Limine (Doc. 312) are GRANTED IN PART AND DENIED IN PART.

    1.   Evidence of the prior relationship of the parties or other conduct/incidents, including City Council meetings will be limited by Fed.R.Evid. 401 and 403 as to be discussed with the parties.

    2.   Plaintiffs are precluded from presenting statements made by Plaintiff Weik in their case in chief.

    3.   Plaintiffs are precluded from presenting character evidence except for impeachment purposes. Plaintiffs shall seek permission to use the evidence for impeachment purposes at sidebar during trial.

    4.   The presentation of newspaper articles is precluded as hearsay.

    5.   Argument regarding the admissibility of POST statements will be heard at the pre-trial hearing.

    6.   Argument regarding the admissibility of evidence that Defendant would wear his sidearm in the Post Office will be heard at the pre-trialhearing.

    7.   Argument regarding the admissibility of evidence of the reason for Defendant's leaving his employment with the City of Tombstone will be heard at the pre-trial hearing.

    8.   Evidence related to compensatory damages is precluded.

5.   Defendant's Motion Requesting the Court Order Plaintiffs to Post a Cost Bond (Doc. 313) is DENIED.

1  6. Plaintiffs' Motion to Withdraw Jury Demand and Request Bench Trial (Doc.
2  314) is DENIED.
3  7. Plaintiffs' Motion for Leave to File Supplemental to Plaintiff's Motion for
4  Show Cause (Doc. 334) is GRANTED.
5  8. Plaintiffs' Motion for Order to Show Cause (Doc. 331) is DENIED.
6  9. Plaintiffs' request for the Court to order Defendant to reimburse Plaintiffs for
7  copying costs is DENIED.
8  10. Defendant's request that he be awarded fees incurred in responding to the
9  Motion for Order to Show Cause is DENIED.
10  DATED this 27th day of December, 2012.

*signature*

Cindy K. Jorgenson
United States District Judge